# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | CV F   05 699 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 11.) |
| SAUNDERS, et. al., | |
| Defendants. | |

Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 1, 2005, naming approximately one hundred forty six (146) defendants and alleging numerous violations of his rights. On September 12, 2005, Plaintiff filed an Amended Complaint and added approximately forty (40) more defendants. On December 20, 2005, Plaintiff filed the instant Motion for Temporary Restraining Order stating that he wishes the Court to Order defendants from retaliating against him and his "witnesses," return property belong to Plaintiff and one of his "witnesses," and to return legal papers to both Plaintiff and his "witnesses."

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

   A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question.  <u>Rivera v. Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

   At this juncture, because the Court has not yet had the opportunity to screen the Complaint, it has not determined whether Plaintiff has stated any cognizable claims for relief.  Until such time as this determination is made, any request for preliminary injunctive relief is premature.  Plaintiff should not further that the Court has before it literally hundreds of cases, many of which require screening as well.  The Court proceeds with processing the cases in the order that they are filed.  Thus, Plaintiff should be patient and rest assured that the Court will get to his case in due course.  At this time, however, Plaintiff is not entitled to any type of preliminary injunction, as the Court lacks jurisdiction to issue such an order.

   Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Temporary Restraining Order, filed December 20, 2005, be DENIED.

1  These Findings and Recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, Plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991).
8  IT IS SO ORDERED.
9  **Dated:    December 23, 2005**               /s/ Lawrence J. O'Neill
   b9ed48                                        UNITED STATES MAGISTRATE JUDGE