1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JASON SAUNDERS,                                   CV F   05 699 AWI LJO PC

               Plaintiff,

    v.                                          ORDER DISMISSING COMPLAINT WITH
                                                  LEAVE TO AMEND (Doc. 1.)

SAUNDERS, et. al.,                                ORDER DIRECTING CLERK OF COURT TO
                                                  SEND PLAINTIFF BLANK CIVIL RIGHTS
                                                  FORM
               Defendants.
_____/

      Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 1, 2005.  Plaintiff names one hundred thirty six (136) Defendants including Doe Defendants.

## A.  SCREENING REQUIREMENT

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

8   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

9   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

10  complaint under this standard, the court must accept as true the allegations of the complaint in

11  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

12  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

13  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14  **B.  SUMMARY OF COMPLAINT**

15      Plaintiff lists as Count I the allegation that between October 24, 2000, and May 6, 2002,

16  while he resided at California Substance Abuse and Treatment Facility (CSATF), he was

17  "disfavored" due to his "litigiousness."  Plaintiff states that during this time frame he filed in

18  excess of 75 grievances, thirteen of which were against staff.  Plaintiff states ultimately that

19  retribution was taken against him for exercise of his first amendment activities in the form of

20  property damage, stolen property, confiscation of legal papers, fraudulent charges, antagonizing,

21  confinement in administrative segregation, serious bodily injury from assaults and inadequate

22  medical care.

23      In Count II, Plaintiff alleges that between Maya 6, 2002, and February 28, 2003, while

24  confined in Administrative segregation he interacted with numerous of the named Defendants

25  who were also knowledgeable of Plaintiff's litigiousness.  Plaintiff states that numerous times his

26  psychiatric medication was withheld, he was provoked and "challenged to harm himself", that he

27  was denied medical, dental, and psychiatric treatment, that his first amendment rights were

28  "chilled," he was deprived of life necessities, deprived of clothing, bedding, toilet articles,

subjected to retaliatory searches, was gassed with chemicals and that on at least four (4) separate

occasions he was subjected to cruel and unusual punishment.  Plaintiff also alleges the

Defendants were engaged in a conspiracy to falsify records and that Defendants hindered his

ability to "grieve."  In other instances, Plaintiff was intimidated into "silence" through threats.

In Count III, Plaintiff alleges that between February 1, 2005, and the date he filed this

action, he resided at Pleasant Valley State Prison where he grieved for immediate dental

treatment.  Defendant Does knew of his condition and refused to treat it and thus, subjected him

to 10 months of pain and suffering.

In Count IV, Plaintiff alleges that on October 12, 2004, "and despite two or more

defendants' foreknowledge, defendants Myers, Campas, Harris, Davis, Gonzales, Nelson, Carter,

Pruett and/or Dhillon permitted Plaintiff to be attacked as a result of their deliberate failure to

intervene. . ."  Plaintiff alleges that following the assault, one or more of the Defendants falsely

charged him and convicted him of attempts to conceal their "culpabilities."  Plaintiff states that

he grieved this and that the Defendants conspired to "cover up expanded and although numerous

reports were transparently false, these defendants selectively ignored such."

In count VI, Plaintiff alleges that Defendant Fabian Brown deliberately denied him life

threatening medications in retaliation for Plaintiff expressing his intent to grieve the "said

conduct" of Defendant.   Defendant also excluded Plaintiff from participation in and denied him

benefits of services, programs and activities of the CDC and subjected him to discrimination by

reason of his disability.  Plaintiff states that supervisory "Does" were placed on notice but failed

to intervene and placed blame on Plaintiff.

Plaintiff is seeking monetary damages.

## C.  CLAIMS FOR RELIEF

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

3

1    the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2    Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

3    (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

4    constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

5    in another's affirmative acts or omits to perform an act which he is legally required to do that

6    causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

7    Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

8    defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

9    federal rights.

10        As noted above, Plaintiff names one hundred thirty six (136) defendants in this action,

11   however, Plaintiff fails to link any of the named Defendants to an act or omission giving rise to a

12   constitutional violation.  In those instances where Plaintiff actually names a specific individual,

13   he merely provides a list of names and then states generally and in a conclusory fashion, that

14   those Defendants violated his rights.  Moreover, Plaintiff fails to provide specific facts

15   supporting many of his allegations that would enable this Court to determine whether the facts

16   state a cognizable claim for relief.  As such, the Court will provide Plaintiff with the relevant law

17   where possible in order to assist Plaintiff in more clearly formulating his claim when and if he

18   should file an Amended Complaint.

19        *1. Retaliation*

20        Plaintiff alleges in Count I that he was retaliated against for his "litigiousness" while

21   incarcerated at CSATF.  Plaintiff states generally that he suffered property damage, stolen

22   property, confiscation of legal papers, fraudulent charges, "antagonizing confinement," serious

23   bodily injury and inadequate medical care.  Plaintiff also alleges in Count 2 that he suffered

24   retaliation again for filing grievances.  This time, Plaintiff states that his psychiatric medication

25   was denied numerous times, he was "challenged to harm himself, was denied medical, dental and

26   psychiatric treatment as well as other "life necessities."  Finally, Plaintiff alleges that his rights

27   were "chilled."  In Count IV, Plaintiff states again that he was retaliated against for filing

28   grievances in the form of the denial o f"life threatening medications" because he threatened to

4

1  file a grievance certain conduct by Defendant Fabian.

2      An allegation of retaliation against a prisoner's First Amendment right to file a prison

3  grievance is sufficient to support a claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283,

4  1288 (9th Cir. 2003.   "Within the prison context, a viable claim of First Amendment retaliation

5  entails five elements: (1) An assertion that a state actor took some adverse action against an

6  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

7  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

8  legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations*

9  *omitted*).

10      In assessing the fourth requirement, the court at the pleading stage should ask " 'whether

11  an official's acts would chill or silence a person of ordinary firmness from future First

12  Amendment activities." ' Id. at 568, *quoting* Mendocino Environmental Center v. Mendocino

13  County, 192 F.3d 1283, 1300 (9th Cir.1999). "The 'government' to which the First Amendment

14  guarantees a right of redress of grievances includes prison authorities, as it includes other

15  administrative arms and units of government." Bradley v. Hall,64 F.3d 1276, 1279 (9th

16  Cir.1995), *citing* Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989).  An

17  allegation that a defendant subjected a prisoner to "[v]erbal harassment or abuse ... is not

18  sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero,

19  830 F.2d 136, 138 (9th Cir.1987) (*internal quotations omitted*).

20      Here, Plaintiff fails to state a cognizable claim for retaliation.  In Count I, Plaintiff states

21  merely that he was retaliated against for filing grievances.  Although Plaintiff list the forms in

22  which he suffered retaliation, he does not give specific facts regarding each instance nor does he

23  link any specific conduct to any of the 136 named Defendants.

24      Similarly, in Count II, Plaintiff again provides a list of deprivations which he alleges were

25  a form of retaliation for filing grievances, however, he again provides no detail as to each

26  instance or the Defendant involved.  Plaintiff alleges that his rights were "chilled" but again, fails

27  to provide information as to how his rights were chilled.

28      Finally, in Count IV, Plaintiff states that "life threatening medications" were denied him

because he threatened to file a grievance against Defendant Fabian.  Plaintiff again fails to

provide specific detail as to the act or omission giving rise to the constitutional violation.

Accordingly, Plaintiff fails to state a claim of retaliation against any of the named Defendants.

### 2. Threats

Plaintiff alleges in Count II that he was intimidated into silence through threats.  As in the

case above, Plaintiff fails to link any named Defendant to such an action.  Even had Plaintiff

done so, such allegations do not state a cognizable claim for relief. Threats do not rise to the level

of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly,

Plaintiff does not state a constitutional claim for relief for verbal threats.

### 3. Cruel & Unusual Punishment

Plaintiff alleges generally in Count II that he was deprived of clothing, bedding and toilet

articles.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,

452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison

officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from

unsafe conditions of confinement, prison officials may be held liable only if they acted with

"deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124,

1128 (9th Cir. 1998).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual

Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

(1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).

"[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

confinement claim."  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause

routine discomfort is part of the penalty that criminal offenders pay for their offenses against

society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Here, although Plaintiff alleges the deprivation of "life necessities" generally and fails to link any named Defendant to an act or omission giving rise to the alleged deprivation.  Although the Eighth Amendment guarantees sanitation and hygiene, and plaintiff has alleged no facts suggesting a deprivation so extreme that it rises to the level of an Eighth Amendment violation. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982.).

### 4. Conspiracy

Plaintiff alleges in Count II that Defendants conspired to "falsify records."  Plaintiff also alleges in Count IV that the Defendants conspired to "cover up" expanded and numerous reports that were false.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants" to violate the Plaintiff's constitutional rights.  Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

In this case, Plaintiff alleges that the Defendants conspired to "falsify" or "cover up" records which he believes were false.  However, Plaintiff has no constitutional right to have random records corrected to his satisfaction.  To the extent Plaintiff is attempting to challenge the adequacy of records or information used in disciplinary proceedings, he must bring such a claim by way of a habeas corpus action and not a civil rights action.  Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing Heck v. Humphrey, 512 U.S. 477 (1994));

1  Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying <u>Heck</u> to a prison disciplinary hearing

2  where good-time credits were affected).  In any event, Plaintiff does not allege facts to support a

3  claim of conspiracy as he has no constitutional right to have what he believes are accurate

4  records.

5      ### *5.  Eighth Amendment - Medical Care*

6          Plaintiff also alleges generally in Count III that over a period of time after his arrival at

7  Pleasant Valley State Prison he was denied dental treatment and suffered great pain as a result.

8  A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment

9  unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

10 <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an

11 objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

12 "sufficiently serious."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (*citing* <u>Wilson v. Seiter</u>, 501

13 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

14 mind," which entails more than mere negligence, but less than conduct undertaken for the very

15 purpose of causing harm.  <u>Farmer v. Brennan</u>, 511 U.S. at 837.  A prison official does not act in a

16 deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

17 inmate health or safety."  <u>Id</u>.

18         Here, Plaintiff again fails to provide specific facts regarding the alleged denial of dental

19 treatment and further fails to link any named Defendant to an act or omission giving rise to such

20 denial.  Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim for relief.

21     ### *6.  Failure to Protect*

22         In Count IV, Plaintiff alleges generally that the Defendants failed to protect him by not

23 intervening when placed on notice of an imminent attack.

24         Prison officials have a duty to take reasonable steps to protect inmates from physical

25 abuse.  <u>Hoptowit v. Ray</u>, 682 F.2d at 1250-51; <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994).  To

26 establish a violation of this duty, the prisoner must establish that prison officials were

27 "deliberately indifferent to a serious threat to the inmates's safety."  <u>Farmer v. Brennan</u>, 511 U.S.

28 at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First,

1  the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Farmer v. Brennan</u>,

2  511 U.S. at 834 (*citing* <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official

3  must "know of and disregard an excessive risk to inmate health or safety." <u>Id.</u> at 837.

4  Although Plaintiff provides a list of Defendants, he does not provide specific facts linking

5  each Defendant to particular act demonstration a violation of his rights.  Moreover, Plaintiff

6  states that "two or more" of the nine listed Defendants had knowledge that Plaintiff might be

7  attacked.  Plaintiff's allegations are insufficient to state a cognizable Eighth Amendment claim

8  for relief.

9  ### 7.  Americans with Disabilities Act

10  Plaintiff alleges in Count IV that he was denied "participation in" and "the benefits of"

11  services, programs or activities of the CDC because of his disability.

12  Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the

13  basis of disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the

14  ADA provides that "no qualified individual with a disability shall, by reason of such disability,

15  be excluded from participation in or be denied the benefits of the services, programs, or activities

16  of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II of

17  the ADA applies to inmates within state prisons. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>,

18  118 S.Ct. 1952, 1955 (1998); <u>see also</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir.

19  1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).

20  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

21  qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

22  discriminated against with regard to a public entity's services, programs, or activities; and (3)

23  such exclusion or discrimination was by reason of [his] disability." <u>Lovell</u>, 303 F.3d at 1052.

24  In this case, Plaintiff only alleges generally that he has a disability and that he was denied

25  benefits or participation in certain programs at CDC.  Again, Plaintiff provides on general and

26  conclusory allegations that do not state a cognizable claim for relief under the ADA.

27  ### 8.  Supervisory Liability

28  Supervisory personnel are generally not liable under Section 1983 for the actions of their

1  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

2  supervisorial position, the causal link between him and the claimed constitutional violation must

3  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

4  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

5  for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege

6  some facts that would support a claim that supervisory Defendants either: personally participated

7  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

8  prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

9  repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

10  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List,

11  880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts

12  must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County

13  Narcotics Unit, 507 U.S. 163, 168 (1993).

14       Here, although Plaintiff makes general reference to supervisory Does, he again fails to

15  allege any facts indicating that any of the named Defendants personally participated in the

16  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

17  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

18  of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

19  Black at 646.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

20       *9.  Exhaustion Requirement*

21       Given Plaintiff's lengthy Complaint and the number of named Defendants, the Court sees

22  fit to inform Plaintiff of the exhaustion requirement applicable to his civil rights action.

23  Plaintiff is provided this information solely to inform him that claims that are unexhausted are

24  subject to dismissal.

25       Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

26  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

27  a prisoner confined in any jail, prison, or other correctional facility until such administrative

28  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Section 1997e(a)

1  exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435

2  U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of

3  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

4  administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>,

5  532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need

6  not meet federal standards, nor must they be 'plain, speedy, and effective.' ' <u>Porter</u>, 534 U.S. at

7  524 (<i>citing</i> <u>Booth</u>, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. <u>McKinney</u>

8  <u>v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the

9  suit is pending. <u>McKinney</u>, 311 F.3d at 1199-1201.

10      ***10. Rule 8(a)***

11      Given the number of Defendants named in this action, the Court wishes to inform

12  Plaintiff that should he chose to file an Amended Complaint curing the deficiencies outlined

13  above, the Amended Complaint must comply with Rule 8(a).

14      Federal Rule of Civil Procedure 8(a) calls for a "*short and plain* statement of the claim

15  showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (emphasis added). Rule 8(a)

16  expresses the principle of notice-pleading, whereby the pleader need only give the opposing party

17  fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require

18  an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a

19  statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the

20  grounds upon which it rests." <u>Id</u>. at 47. Plaintiff is forewarned that an Amended Complaint that

21  is not in compliance with Rule 8(a) will be stricken from the record.

22      ***11. Exhibits and Evidence***

23      Plaintiff is further informed that it is inappropriate to attach exhibits to a complaint. <u>See</u>

24  Rule 8, Federal Rules of Civil Procedure. The Court cannot serve as a repository for the parties'

25  evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)

26  should not be submitted until the course of litigation brings the evidence into question (for

27  example, on a motion for summary judgment, at trial, or when requested by the court).

28  **D.  CONCLUSION**

1  The Court finds that Plaintiff's Complaint does not contain any claims upon which relief
2  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with
3  time to file an Amended Complaint curing the deficiencies identified above should he wish to do
4  so.

5  Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
6  resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
7  1980).  The Amended Complaint must specifically state how each Defendant is involved.
8  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
9  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,
10  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588
11  F.2d 740, 743 (9th Cir.  1978).

12  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
13  be complete in itself without reference to any prior pleading.  As a general rule, an Amended
14  Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.
15  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
16  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each
17  claim and the involvement of each defendant must be sufficiently alleged.  The Amended
18  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
19  appropriate case number, and be an original signed under penalty of perjury.

20  **E.  ORDER**

21  The Court HEREBY ORDERS:

22  1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
23          complaint form;

24  2.    The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days
25          from the date of service of this order, Plaintiff SHALL:

26          a.    File an Amended Complaint curing the deficiencies identified by the Court
27                in this Order, or

28          b.    Notify the Court in writing that he does not wish to file an Amended

1    Complaint and pursue the action but instead wishes to voluntary dismiss

2    the case. <u>See</u>, Fed.R.Civ.P. 41(a)(1).

3        Plaintiff is forewarned that his failure to comply with this Order may result in a

4    Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

5    IT IS SO ORDERED.

6    **Dated:   November 1, 2006**                      /s/ Lawrence J. O'Neill
     b9ed48                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28