# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | 1:05-cv-00699-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR AN ORDER TO SHOW CAUSE AND FOR JUDICIAL NOTICE |
| v. | |
| SAUNDERS, et. al., | (Doc. 29.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

Jason Saunders ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 1, 2005. On September 12, 2005, plaintiff filed an amended complaint. The court dismissed the amended complaint with leave to amend on November 1, 2006. On January 30, 2007, plaintiff filed a Second Amended Complaint. Now pending is plaintiff's Request for Order to Show Cause and for Judicial Notice filed on May 23, 2007.

Plaintiff requests the court to issue an undescribed "order to show cause" against defendants who plaintiff alleges harassed him and retaliated against him. The court treats plaintiff's request as a request for injunctive relief.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of

1  Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los
2  Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or
3  controversy before it, it has no power to hear the matter in question.  Id.
4        The purpose of a preliminary injunction is to preserve the status quo if the balance of
5  equities so heavily favors the moving party that justice requires the court to intervene to secure
6  the positions until the merits of the action are ultimately determined.  University of Texas v.
7  Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a Plaintiff who
8  "demonstrates either (1) a combination of probable success and the possibility of irreparable
9  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
10 Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either
11 approach the Plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an
12 injunction should not issue if the Plaintiff "shows no chance of success on the merits."  Id.  At a
13 bare minimum, the Plaintiff "must demonstrate a fair chance of success of the merits, or
14 questions serious enough to require litigation."  Id.  "A federal court may issue an injunction if it
15 has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may*
16 *not attempt to determine the rights of persons not before the court*."  Zepeda v. United States
17 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).
18       In this case, plaintiff filed a Second Amended Complaint on January 30, 2007.  The court
19 has yet to screen the amended complaint filed by plaintiff to determine whether it states a
20 cognizable claim for relief.  Thus, plaintiff is not entitled to preliminary injunctive relief until
21 such time as the court finds that his complaint contains cognizable claims for relief against the
22 named defendants and the named defendants have been served with a summons and the amended
23 complaint.  At this juncture, defendants are not currently before the court and a request by
24 plaintiff for preliminary injunctive relief is premature.  Therefore, the court shall recommend that
25 plaintiff's request for an order to show cause be denied.
26       In addition, plaintiff requests the court to take judicial notice of harassment and
27 retaliation allegedly occurring against him since he filed the complaint on June 1, 2005.  Plaintiff
28 requests the court to take notice of misconduct by defendants who were not named in the original

1 complaint and who plaintiff "expected to retaliate against and harass plaintiff . . .<u>following</u>
2 <u>discovery of suit</u>." (P's Request at p. 2.) (emphasis added.)  Plaintiff also refers to events which
3 occurred on October 17, 2006, and December 18, 2006, well after the complaint was filed.

4       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
5 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
6 confined in any jail, prison, or other correctional facility until such administrative remedies as are
7 available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing suit.
8 <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion
9 requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516,
10 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not
11 meet federal standards, nor must they be 'plain, speedy, and effective.'"  <u>Porter</u>, 534 U.S. at 524
12 (citing to <u>Booth v. Churner</u>, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's
13 administrative process, regardless of the relief sought by the prisoner and regardless of the relief
14 offered by the process, as long as the administrative process can provide some sort of relief on
15 the complaint stated.  <u>Booth</u>, 532 U.S. at 741.

16       In light of section 1997e(a), plaintiff may not add new and unrelated claims that arose
17 after this suit was filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the
18 PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict."
19 <u>Harris v. Garner</u>, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a
20 substantive requirement or restriction contained in a statute (especially a subsequently enacted
21 one)."  <u>Id</u>. at 983.  If the court took judicial notice of claims which accrued after this action was
22 filed, it would allow plaintiff to thwart the mandate of section 1997e(a), which requires that
23 claim exhaustion occur prior to filing suit and not during the pendency of the suit.  See
24 <u>McKinney</u>, 311 F.3d at 1199-1201.

25      As such, all claims at issue in this action must have been exhausted by June 1, 2005.
26 Therefore,  plaintiff may not pursue claims that are new and unrelated to the claims at issue in the
27 original complaint and were not fully exhausted on or before June 1, 2005.  Accordingly, the
28 court shall recommend that plaintiff's request for judicial notice be denied.

1   Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's Request for
2   Order to Show Cause and for Judicial Notice, filed on May 23, 2007, be DENIED.
3   These Findings and Recommendations will be submitted to the United States District
4   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5   **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file
6   written objections with the court.  The document should be captioned "Objections to Magistrate
7   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
8   within the specified time may waive the right to appeal the District Court's order.  Martinez v.
9   Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   IT IS SO ORDERED.
12   **Dated:   November 7, 2007**             /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE