JKM

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Jason Saunders, | ) | No. CV 1-05-0699-RCC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Jerry Saunders, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jason Saunders, who is confined in the California Substance Abuse and Treatment Facility in Corcoran, California, has filed a *pro se* Second Amended Civil Rights Complaint. (Doc. #27.) The Court will dismiss the Second Amended Complaint with leave to amend.

**I.    Background.**

Plaintiff filed his original Complaint on June 1, 2005. (Doc. # 1.) Before the Court screened the Complaint, Plaintiff filed a First Amended Complaint. (Doc. #9.) On November 1, 2006, United States Magistrate Judge Lawrence J. O'Neill issued an Order dismissing the First Amended Complaint for failure to state a claim and giving Plaintiff an opportunity to file a second amended complaint to cure the many deficiencies identified in the Order. (Doc. # 23.) The Order also warned Plaintiff that any second amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure or it would be stricken. (Doc. #23 at 11.) On January 30, 2007, Plaintiff filed a Second Amended Complaint. (Doc. #27.) The case was reassigned to the undersigned judge on November 25, 2008. (Doc. #

JDDL

1  38).  The Court will dismiss the Second Amended Complaint and will provide Plaintiff with

2  one final opportunity to amend.

3  **II.    Statutory Screening of Prisoner Complaints**

4         The Court is required to screen complaints brought by prisoners seeking relief against

5  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.

9  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

10  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

11  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

12  (*en banc*).

13         The Court should not, however, advise the litigant how to cure the defects.  This type

14  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

15  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

16  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Second

17  Amended Complaint will be dismissed with leave to amend because the deficiencies therein

18  may possibly be cured by amendment.

19         **A.    Short and Plain Statement of the Claim.**

20         Plaintiff's Second Amended Complaint consists of 197 numbered paragraphs on 74

21  pages.  It lists 11 claims against 90 named defendants and 25 unnamed defendants.  In

22  paragraphs 21 through 107, Plaintiff describes a diary of events that occurred between an

23  unspecified date in 1999 and October 17, 2006.  With the exception of his eleventh claim,

24  Plaintiff's claims for relief indiscriminately incorporate all prior paragraphs in the Second

25  Amended Complaint. Claims one through ten cannot be understood without reference to the

26  prior factual allegations, but the claims also do not identify which of the many factual

27  allegations apply to each specific claim.  Unlike his other claims, Plaintiff's eleventh claim

28  for relief can be tied to specific factual allegations because Plaintiff identifies the date upon

1   which the events giving rise to the eleventh claim occurred.  As will be explained below,

2   however, Plaintiff's eleventh claim is barred by the statute of limitations.

3       Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

4   of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) provides that "[e]ach allegation must be

5   simple, concise, and direct."  A complaint having the factual elements of a cause of action

6   scattered throughout the complaint and not organized into a "short and plain statement of the

7   claim" may be dismissed for failure to satisfy Rule 8(a).  See Sparling v. Hoffman Constr.

8   Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.

9   1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state

10  claims in "numbered paragraphs, each limited as far as practicable to a single set of

11  circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each

12  claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

13  Fed. R. Civ. P. 10(b).  It is not the responsibility of the Court to review a rambling narrative

14  in an attempt to determine the nature of a plaintiff's claims.

15      In Hearns v. San Bernardino Police Department, 530 F.3d 1124, 1132 (9th Cir. 2008),

16  the United States Court of Appeals for the Ninth Circuit held that even an excessively

17  detailed and lengthy complaint should not be dismissed under Rule 8 if it is "intelligible and

18  clearly delineate[s] the claims and the Defendants against whom the claims are made."  The

19  Ninth Circuit also held that a district court "has ample remedial authority to relieve a

20  defendant of the burden of responding to a complaint with excessive factual detail [by]

21  simply strik[ing] the surplusage . . . [or] excusi[ing] Defendants from answering those

22  paragraphs."  Id. (internal citations omitted).  But those remedies are not available here

23  because the Court cannot tell which of Plaintiff's many factual paragraphs are essential to

24  particular claims and which are merely set forth as background.  Moreover, because the

25  Court cannot determine which facts relate to Plaintiff's specific claims for relief, it cannot

26  meaningfully review the Second Amended Complaint, as required by 28 U.S.C. § 1915A(a).

27  Because Plaintiff's Second Amended Complaint fails to comply with Rules 8 and 10 of the

28  Federal Rules of Civil Procedure it will be dismissed with leave to amend.  If Plaintiff fails

1  to cure the deficiencies identified by the Court in this Order and prior orders, the third

2  amended complaint and this action will be dismissed with prejudice.

3  **B.   Statute of Limitations.**

4  In the absence of waiver, the Court may raise the defense of statute of limitations *sua*

5  *sponte*.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).  See also

6  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding *sua sponte* dismissal under

7  28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).  In a § 1983 action, the

8  applicable statute of limitations is the forum state's statute of limitations for personal injury

9  actions.  Action Apartment Ass'n, Inc.  v. Santa Monica Rent Control Bd., 509 F.3d 1020,

10  1026 (9th Cir. 2007).

11  Effective January 1, 2003, the California statute of limitations for personal injury

12  actions was extended from on year to two years.  Maldonado v. Harris, 370 F.3d 945, 954-55

13  (9th Cir. 2004).   The new two year statute of limitations, however, does not apply

14  retroactively.  Id.  Accordingly, a one year statute of limitations applies to actions that

15  accrued before January 1, 2003, and a two year statute of limitations applies to actions that

16  accrued after that date.  "Federal law determines when a civil rights claim accrues."  Id.

17  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the

18  injury which is the basis of the action."  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.

19  1999).

20  The law of the forum state governs tolling.  Under California law, the statute of

21  limitations for prisoners serving less than a life sentence is tolled for two years.  Cal. Civ.

22  Proc. Code § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

23  Accordingly, the effective statute of limitations is three years for claims that accrued before

24  January 1, 2003 (one year limitations period plus two year statutory tolling), and four years

25  for claims that accrued thereafter (two year limitations period plus four years statutory

26  tolling).

27  Plaintiff's Complaint was signed on May 29, 2005.  Any of Plaintiff's claims that

28  accrued before May 29, 2002 are, therefore, barred by the statute of limitations.  It is clear

1   from the face of the Second Amended Complaint that Plaintiff's eleventh claim for relief

2   accrued on December 4, 2001.  That claim is therefore barred by the statute of limitations.

3   It is entirely unclear, however, whether Plaintiff's other claims are similarly barred.  That is

4   so because Plaintiff does not identify the specific events that gave rise to the other claims in

5   his Second Amended Complaint.  If Plaintiff files a third amended complaint, he must clearly

6   connect named defendants and claims to the specific events which give rise to those claims.

7   **III.   Leave to Amend**

8          For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed

9   as barred by the statute of limitations, in part, and for failure to comply with Rules 8 and 10

10  of the Federal Rules of Civil Procedure.  Within 30 days, Plaintiff may submit a third

11  amended complaint on the form provided with this Order.  If Plaintiff fails to use the form

12  provided with this Order, the Court may strike the third amended complaint and dismiss this

13  action without further notice to Plaintiff.

14         Plaintiff must clearly designate on the face of the document that it is the "Third

15  Amended Complaint."  The third amended complaint must be retyped or rewritten in its

16  entirety on the form provided with this Order and may not incorporate any part of the original

17  Complaint by reference.

18         Plaintiff must comply with the instructions provided with the form.  Plaintiff should

19  pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

20  with the instructions provided with the form, the Court may strike the third amended

21  complaint and dismiss this action without further notice to Plaintiff.

22         Among other requirements contained in the instructions, Plaintiff must provide

23  information in a third amended complaint regarding the Court's jurisdiction and the

24  defendants, and he must divide his lawsuit into separate counts.  In each count, Plaintiff must

25  identify the federal constitutional civil right allegedly violated, check the box for the issue

26  most closely involved, state how each defendant participated in the alleged violation at issue,

27  explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff

28

1  exhausted any available administrative remedies.  Plaintiff must repeat this process for each

2  civil rights claim.  Plaintiff may allege only one claim per count.

3      An amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963

4  F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

5  1546 (9th Cir. 1990).  After amendment, the Court will treat prior complaints as nonexistent.

6  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the prior complaints is

7  waived if it is not raised in a subsequent amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565,

8  567 (9th Cir. 1987).

9  **IV.   Warnings**

10      **A.   Address Changes**

11      Plaintiff must file and serve a notice of a change of address in accordance with Rule

12  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

13  a motion for other relief with a notice of change of address.  Failure to comply may result in

14  dismissal of this action.

15      **B.   Copies**

16      Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

17  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

18  notice to Plaintiff.

19      **C.   Possible Dismissal**

20      If Plaintiff fails to timely comply with every provision of this Order, including these

21  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

22  1260-61 (a district court may dismiss an action for failure to comply with any order of the

23  Court).

24  **IT IS ORDERED:**

25      (1)   The Second Amended Complaint (Doc. #27) is **dismissed** for failure to comply

26  with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the

27  date this Order is filed to file a third amended complaint in compliance with this Order.

28

1    (2)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of
2    Court must, without further notice, enter a judgment of dismissal of this action with
3    prejudice.

4    (3)    The Clerk of Court must include with this Order a copy of this judge's required
5    instructions and form for filing a civil rights complaint by a prisoner.

6

7    DATED this 13th day of February, 2009.

8

9

10   _____
                  Raner C. Collins
11                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

Revised 12/1/08                              1

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
       Attorney for Defendant(s)
_____
(Signature)

8.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  Completing the Civil Rights Complaint Form.

**HEADING:**
    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**
    1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for

2

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

## Part B.  PREVIOUS LAWSUITS:

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,   )
(Full Name of Plaintiff)           Plaintiff,   )
                                                )
                          vs.                    )   **CASE NO.** _____
                                                )        (To be supplied by the Clerk)
(1)_____ ,   )
(Full Name of Defendant)                         )
(2)_____ ,   )
                                                )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,   )   **BY A PRISONER**
                                                )
(4)_____ ,   )   ☐ Original Complaint
                          Defendant(s).          )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
              (Position and Title)                                 (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
              (Position and Title)                                 (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
              (Position and Title)                                 (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
              (Position and Title)                                 (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?　　　☐ Yes　　　☐ No

2.   If yes, how many lawsuits have you filed? **_____**.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
- ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
- ☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
- ☐ Excessive force by an officer          ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____ .

5.   **Administrative Remedies:**
- a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes    ☐ No
- b.   Did you submit a request for administrative relief on Count I?                        ☐ Yes    ☐ No
- c.   Did you appeal your request for relief on Count I to the highest level?          ☐ Yes    ☐ No
- d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____ .

3

# COUNT II

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
□ Basic necessities      □ Mail      □ Access to the court      □ Medical care
□ Disciplinary proceedings      □ Property      □ Exercise of religion      □ Retaliation
□ Excessive force by an officer      □ Threat to safety □ Other: _____.

3.    **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      □ Yes   □ No
b.    Did you submit a request for administrative relief on Count II?      □ Yes   □ No
c.    Did you appeal your request for relief on Count II to the highest level?      □ Yes   □ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail           ☐ Access to the court       ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?            ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                            SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.