SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason Saunders,  )<br>    Plaintiff,  )<br>vs.  )<br>Jerry Saunders, et al.,  )<br>    Defendants.  )<br>_____) | No. CV 1-05-0699-RCC<br><br>**ORDER** |

Plaintiff Jason Saunders, who was and is an inmate of the California Department of Corrections and Rehabilitation, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.) Plaintiff filed a First Amended Complaint prior to screening or service of the Complaint. (Doc.# 23.) The First Amended Complaint was dismissed for failure to state a claim with leave to file a second amended complaint. (Doc.# 23.) The Order warned Plaintiff that any second amended complaint had to comply with Rule 8 of the Federal Rules of Civil Procedure. On January 30, 2007, Plaintiff filed a Second Amended Complaint. (Doc.# 27.) The case was reassigned to the undersigned on November 25, 2008. (Doc.# 38.) In an Order filed on February 13, 2009, the Court dismissed the Second Amended Complaint for failure to comply with Rule 8 but granted Plaintiff leave to file a third amended complaint within 30 days, or March 16, 2009. (Doc.# 39.) On April 3, 2009, the Court granted Plaintiff a 45-day extension of time to file a third amended complaint. (Doc.# 41.) The Court expressly informed Plaintiff that the failure to file a third amended complaint within

that time would result in dismissal of this action without further notice. (Id.) After the extension expired without the submission of an amended complaint, or other filing, this action was dismissed on June 10, 2009, and judgment entered. (Doc.# 42.) On June 18, 2009, Plaintiff filed a motion for reconsideration. (Doc.# 43.) On August 5, 2009, Plaintiff filed a motion for relief from judgment. (Doc.# 44.) Both motions will be denied.

## I. Standard for Reconsideration

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*per curiam*) (emphasis in original) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). This type of motion seeks "a substantive change of mind by the court." Tripati v. Henman, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting Miller v. Transamerican Press, Inc., 709 F.2d 524, 526 (9th Cir. 1983)).

Plaintiff seeks "reconsideration" on the ground that he mailed a motion for an additional extension of time to file a third amended complaint, which was never received by the Court. He states that he mailed the motion on May 17, 2009, and before the time within which to file a third amended complaint had run.[1] Plaintiff has not presented newly discovered evidence. Nor has he alleged or shown clear error by the Court or an intervening change in controlling law. Plaintiff therefore fails to establish any basis for reconsideration and this motion will be denied.

## II. Motion for Relief from Judgment

---

[1] Plaintiff states that he did not submit a copy of his May 17, 2009 motion with his motion for reconsideration because he lacked access to his legal files due to placement in administrative segregation. Plaintiff included a copy of the motion as an exhibit to his motion for relief from judgment. (Doc.# 44.) The Court notes that the copy of the May 17 motion does not include a mailing certificate and that Plaintiff has not submitted an affidavit, mailing log, or other evidence substantiating when the May 17 motion was placed in the mail.

1   Plaintiff seeks relief from judgment on the basis that his May 17 motion for an
2   additional extension of time to file a third amended complaint was not received by the Court
3   and this action dismissed. "A court may relieve a party from a final judgment for one of six
4   reasons listed in Rule 60. Clauses (1) through (5) provide specific reasons for granting relief,
5   while clause (6) acts as a catch-all allowing the court to grant relief for 'any other reason
6   justifying relief from the operation of the judgment.'" Hamilton v. Newland, 374 F.3d 822
7   (9th Cir. 2004) (quoting Fed.R.Civ.P. 60(b)). Under Rule 60(b)(6), the so-called "catch-all"
8   provision, relief from the operation of the judgment is appropriate "only when the reason for
9   granting relief is not covered by any of the other reasons set forth in Rule 60." Delay v.
10  Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). The Court construes Plaintiff's motion as
11  seeking relief pursuant to Rule 60(b)(6).

12  Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest
13  injustice" and "is to be utilized only where extraordinary circumstances prevented a party
14  from taking timely action to prevent or correct an erroneous judgment." United States v.
15  Alpine Land & Reservation Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Relief "normally will
16  not be granted unless the moving party is able to show both injury and that circumstances
17  beyond [his] control prevented timely action to protect [his] interests." Id.

18  Plaintiff states that he did not realize that the May 17, 2009 motion for extension of
19  time had not been received by the Court until judgment was entered on June 10, 2009. Even
20  so, the timely mailing of a motion for extension of time does not automatically extend a
21  deadline to comply with Court orders. Similarly, mis-routed or lost mail does not constitute
22  an extraordinary circumstance, particularly where the purported motion lacked a mailing
23  certificate, see doc.# 44, ex. A, and the litigant fails to substantiate when and how he sent the
24  motion for an extension. Moreover, Plaintiff has neither alleged nor shown any injury. He
25  has not proffered a proposed third amended complaint to support that the existence of a
26  viable claim for violation of his constitutional or statutory rights. Accordingly, Plaintiff has
27  not established grounds for relief under Rule 60(b) and this motion will be denied.
28  /   /   /

**IT IS ORDERED:**

  (1) Plaintiff's motion for reconsideration is **denied**.  (Doc.# 43.)

  (2) Plaintiff's motion for relief from judgment is **denied**. (Doc.# 44.)

  DATED this 15th day of March, 2010.

Raner C. Collins
United States District Judge