IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Jason Saunders, | ) | No. CV 1-05-0699-RCC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jerry Saunders, et al., | ) | |
| Defendants. | ) | |

Pending now before the Court are Plaintiff's Motion to Reconsider the Court's Order dated April 9, 2012 and Notice of Unlawful Mail Censorship/Tampering by Defendants Agents. (Docs. 72 and 73). For the reasons discussed below, the Court will deny Plaintiff the relief he requests.

**I.   MOTION TO RECONSIDER**

Plaintiff complains that the Court read Count Four in his Third Amended Complaint too narrowly. (Doc. 72). He claims the Court should have known that when Plaintiff alleged Defendants Davis, Lowder, Gaspar, and Barba were the "defendants actually conducting the extraction" he was actually alleging they used excessive force. (Id.). Even construing Count Four liberally, the Court cannot draw this conclusion. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, Plaintiff is not entitled to reconsideration of the Court's decision to dismiss Count Four as to Defendants Davis,

Lowder, Gaspar, and Barba.  See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

**II. NOTICE OF UNLAWFUL MAIL CENSORSHIP/TAMPERING BY DEFENDANTS AGENTS**

Plaintiff complains of various irregularities in the prison mail system that affect his ability to send and receive legal mail.  (Doc. 73).  He asks the Court to issue an order to show cause "and other judicial action geared at rectifying [the] continuing violation of his First Amendment protections..."  (Id. at 4).

The Court notes first that the Notice requests action from the Court but is not in the form of a motion.  Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the Eastern District of California.

In addition, the Court notes that even if it were inclined to construe the Notice as a motion, it would not grant relief.  The Notice raises completely new grounds for relief against new and unnamed defendants which would require amendment of the complaint.  The Court is not inclined to permit amendment at this stage in the litigation.  If Plaintiff wishes to pursue these claims, he must do so in a new action.

The Court will not grant Plaintiff the relief he seeks for the reasons discussed above.  Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Reconsider.  (Doc. 72).

**IT IS FURTHER ORDERED** the Court will not consider the complaints raised in the Notice.

DATED this 11th day of May, 2012.

_____
Raner C. Collins
United States District Judge

- 2 -