IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason Saunders,<br><br>            Plaintiff,<br><br>v.<br><br>Jerry Saunders, et al.,<br><br>           Defendants. | No. CV-05-00699-TUC-RCC<br><br>**ORDER** |

      Pending before the Court is Defendants' Notice and Motion for an Order Revoking Plaintiff's IFP Status and Dismissing Action (Doc. 96) and Defendants' Request for Judicial Notice in Support of Motion (Doc. 97). For the following reasons, the Court will grant Defendants' Motion.

      Defendants allege Plaintiff was improperly granted leave to proceed in forma pauperis ("IFP") because he has three or more strikes under the Prison Litigation Reform Act's ("PLRA") three strikes rule. Defendants further state the imminent danger exception to the three strikes rule does not apply because Plaintiff plead no facts showing he was under imminent danger of serious physical injury when he filed his original complaint. Plaintiff contends Defendants have failed to provide sufficient evidence showing each prior case constituted a strike, and that even if there are at least three strikes, Plaintiff pleaded imminent danger in his first amended complaint.

…

…

I. **Prison Litigation Reform Act**

A. **Three Strikes Rule**

Under the PLRA, a prisoner is prohibited from bringing an IFP action if, while incarcerated, he has on three or more occasions brought an action that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case is "frivolous" if it is "of little weight or importance" or "has no basis in either law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "A case is malicious if it was filed with the intention or desire to harm another." *Id*. (citation omitted). A case that "fails to state a claim upon which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) *Id*.

Defendants bear the initial burden of challenging Plaintiff's IFP status. Once Defendants produce sufficient evidence showing that at least three of Plaintiff's prior actions have been dismissed because they were frivolous, malicious, or failed to state a claim, the burden shifts to Plaintiff to persuade the Court that § 1915(g) does not apply. *Andrews*, 398 F.3d at 1116, 1120. To meet their burden of production, Defendants must produce sufficient evidence showing the reasons for the dismissals. *Id*. Mere copies of the docket lists, without copies of the underlying dismissal orders or other evidence, will generally not suffice. *Id*.; *Bontemps v. Sotak*, 2013 WL 178210, *2 (E.D. Cal. Jan. 16, 2013).

Not all dismissals constitute a strike. The determination that a dismissal is a strike must be based on the substance of the dismissal, not merely on how it is styled. *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("when a district court disposes of an [IFP] complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's [IFP application.]"); *Andrews,* 398 F.3d at 1121 (whether an action was dismissed because it was frivolous, malicious, or failed to state a claim turns on an evaluation of the dismissal order and other relevant information); *see also Thompson v. DEA*, 492 F.3d 428, 433

(D.C. Cir. 2007)(rejecting "hypertechnical" argument that a case should not count as a strike because although judge declared it frivolous, it was formally dismissed for failure to prosecute). Further, "[a]lthough the order of dismissal need not cite to section 1915(g) for it to qualify as a strike, it will only so qualify if it can be reasonably interpreted as being premised on one of the reasons enumerated in section 1915(g)." *Bontemps*, 2013 WL 178210 at *3.

### B. Imminent Danger of Serious Physical Injury Exception

#### i. Law

Even when a plaintiff has amassed three or more strikes, the plaintiff may be allowed to proceed IFP if he shows imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "The availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Because this is a threshold procedural question, courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough. *Id*. at 1055. Rather, "the exception applies if the complaint makes a plausible allegation" of imminent danger at the time of filing. *Id*.

Further, the "common definition of 'imminent' … does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Andrews*, 493 F.3d at 1056 (citation omitted). "A prisoner who alleges that prison officials continue with a practice that has injured him … in the past will satisfy the 'ongoing danger' standard and meeting the imminence prong of the three-strikes exception." *Id*. at 1056-57.

#### ii. Analysis

Defendants claim that Plaintiff alleged no facts in his original complaint showing he was under imminent danger of serious physical injury. In contrast, Plaintiff argues that although his initial complaint did not plead imminent injury for any of his claims, he did make such a showing in his first amended complaint.

However, neither Plaintiff nor Defendants address Plaintiff's third amended

1 complaint ("TAC"), which Plaintiff filed on November 23, 2011. This is the most recent
2 version of the complaint, and thus is the "operative" complaint for purposes of the
3 imminent danger analysis. *See e.g. Winfield v. Schwarzenegger*, 2010 WL 3397397 (E.D.
4 Cal. Aug. 27, 2010)("it is the circumstances at the time of the filing of the [operative]
5 complaint that matters for purposes of the 'imminent danger' exception."); *Wilson v.*
6 *Hubbard*, 2009 WL 2971619, *2 (E.D. Cal. Sept. 11, 2009)("At the time plaintiff filed
7 the *operative* complaint, i.e., the second amended complaint, he clearly was under no
8 imminent danger).

9 Count One of the TAC states a claim for violation of First Amendment rights, and
10 alleges Plaintiff has been threatened and physically injured for filing prison grievances
11 between 2001 and 2005. Count One does not allege that Plaintiff was in imminent danger
12 of physical harm at the time of filing the FAC on November 23, 2011.

13 Count Two alleges excessive force claims in violation of the Eighth Amendment.
14 Plaintiff states his hand was broken in December 2002. This does not show imminent
15 danger at the time the TAC was filed on November 23, 2011.

16 Count Three alleges deliberate indifference to serious medical needs. Plaintiff
17 alleges denial of access to medical care for his broken hand in 2002, denial of mental
18 health medication in May 2002, exposure to pepper spray in July 2002 causing Plaintiff
19 to suffer an asthma attack, refusal to provide medical treatment after the asthma attack,
20 destruction of Plaintiff's pain medications in November 2002, and untreated spider bites
21 and other injuries from strip cell placement in November 2002. Count Three is
22 insufficient to show imminent danger because all of the alleged injuries occurred many
23 years prior to filing the TAC on November 23, 2011, and none of the injuries are alleged
24 to be ongoing.

25 Count Four states a claim for excessive force for Defendants' alleged use of
26 excessive amounts of pepper spray against Plaintiff in November 2002. This does not
27 show imminent danger at the time the TAC was filed on November 23, 2011.

28 Count Five alleges a claim for unconstitutional living conditions for denial of

1  linens, a mattress, toilet paper, clothing, utensils and medications when Plaintiff was
2  placed in a strip cell in November 2002. This does not show imminent danger at the time
3  the TAC was filed on November 23, 2011.

4  Count Six alleges a failure to protect claim for Defendants allegedly failing to
5  separate Plaintiff from another inmate who had threatened to harm Plaintiff. The inmate
6  did assault Plaintiff in October 2004. This claim fails to show imminent danger of harm
7  at the time the TAC was filed on November 23, 2011.

8  Count Seven states a claim for deliberate indifference to serious dental needs.
9  Plaintiff alleges that in February 2004, he saw a dentist for significant dental pain.
10 Plaintiff alleges he received no actual treatment that day but was told he would be seen
11 again in 120 days. Plaintiff alleges this lack of treatment caused him pain to the point
12 where he could not eat or sleep. After filing several grievances, Plaintiff was not treated
13 until March 2005. This claim fails to show imminent danger of harm at the time the TAC
14 was filed on November 23, 2011.

15 In sum, none of Plaintiff's claims in his TAC sufficiently show imminent danger
16 of serious physical injury. All of the alleged injuries occurred many years prior to filing
17 the TAC, and none of the injuries are alleged to be ongoing in nature. Thus, Plaintiff
18 cannot use the imminent danger exception to the three strikes rule.

19 **II.  Plaintiff's Prior Actions**
20 **A.  *Saunders v. Gomez, et al.*, EDC 97-cv-05515-OWW-LJO**

21 This prisoner civil rights suit was dismissed on April 20, 1999. Defendants
22 provide a copy of an order adopting the magistrate judge's report and recommendation.
23 The order states Plaintiff's "claims [for abusive language and denial of food] are
24 insufficient to state a claim for relief" under § 1983, and that plaintiff did not allege
25 exhaustion for his housing assignment complaint. The order then adopts the R & R and
26 dismisses the action.

27 Plaintiff contends the suit was only dismissed in part for failure to state a claim,
28 and partly due to failure to allege exhaustion of administrative remedies. Plaintiff submits

1  that this is insufficient to count as a strike.

2      A case that is dismissed for failure to state a claim upon which relief can be granted counts as a strike. *Andrews* 398 F.3d at 1121. A dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) for failure to exhaust administrative remedies counts as a strike. *Bell,* 2011 WL 1332057 at *2. Accordingly, the Court finds the dismissal of this action counts as a strike.

### B.  *Saunders v. Fairman, et al.*, EDC 02-cv-5207-AWI-LJO

This civil action was dismissed by the court as duplicative of another case that Plaintiff had pending before a magistrate judge. Defendants provide a copy of the dismissal order. Plaintiff argues the dismissal order is unreliable because it fails to show whether the action was voluntarily dismissed by Plaintiff himself or if it was dismissed by the court. A review of the docket shows Judge Ishii declared the case duplicative; there appears to be no request filed by plaintiff requesting voluntary dismissal.

"Although a duplicative complaint may be malicious in some circumstances," it is not necessarily malicious and thus does not necessarily constitute a strike. *Martinez*, 812 F.Supp.2d at 1057. In *Thomas v. Felkar*, the court declined to count a duplicative appellate dismissal as a strike where the appeal "was not explicitly dismissed as a 'malicious' appeal." WL 2116406, *4 (E.D. Cal. June 11, 2012). However, in *Bell* the court found that an order dismissing an action as duplicative of a previous action dismissed for failure to state a claim counts as a strike because the duplicative action is frivolous. *Bell*, 2011 WL 1332057 at *3.

The Court finds this dismissal constitutes a strike because the duplicative action was frivolous—it stated the same claims as another action Plaintiff had already filed and was pending before a magistrate judge.

### C.  *Saunders v. Terhune, et al.*, 9th Cir. No. 03-15685

This action was dismissed by the Ninth Circuit for failure to pay the filing fee. Plaintiff does not deny this.

In *Thomas v. Yates*, the court noted that "[d]ismissal for failure to prosecute does

- 6 -

not fall within the plain language of section 1915(g), and where such dismissals are procedural in nature without consideration of the substantive merits of the appeal, they do not count as strikes." 2012 WL 2520924, *3 (E.D. Cal. June 27, 2012). However, in *Yates* the court found that when the appellate court denies the plaintiff's application to proceed IFP because the appeal was not taken in good faith, then the IFP denial is "the 'but for' cause of … the subsequent dismissal and it would be hypertechnical to hold that the resulting dismissal for nonpayment was not a strike." *Id*. at * 4 (internal quotations and citations omitted). Similarly, in *Felker* the court held that when an appeal is dismissed for failure to prosecute after the plaintiff failed to both pay the filing fee and show good cause as to why the district court's judgment shouldn't be summarily affirmed, the dismissal counts as a strike. 2012 WL 2116406 at *3.

Here, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute after he failed to show cause or pay the filing fee. Accordingly, this counts as a strike.

### D. *Saunders v. Holland, et al.*, EDC 03-cv-5735-REC-WMW

In this case, Defendants state the court denied Plaintiff's application to proceed in IFP and the action was dismissed for failure to pay the filing fee. The order provided by Defendants shows that the court denied Plaintiff's application to proceed in IFP because Plaintiff had, on three prior occasions, brought civil actions that were later dismissed as frivolous or for failure to state a claim upon which relief can be granted.

Plaintiff correctly notes that the evidence provided by Defendants only shows an order directing Plaintiff to pay the filing fee or noting that the court would issue an R & R recommending dismissal. Defendants did not provide any additional evidence showing whether the action was ultimately dismissed, or whether Plaintiff paid the fee.

A review of the docket shows that the case was in fact dismissed based on Plaintiff's failure to comply with the court's orders directing him to pay the filing fee.

"The district court has 'dismissed' the prisoner's case for purposes of § 1915(g) when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a

1  claim." *O'Neal*, 531 F.3d at 1152. Here, the court denied Plaintiff's application to
2  proceed IFP because the court found Plaintiff had accumulated at least 3 strikes. The
3  court then dismissed the case after Plaintiff failed to comply with the court's orders
4  directing payment of the filing fee. However, the court made no determination that the
5  complaint was frivolous or malicious or failed to state a claim. Accordingly, the Court
6  finds this action does not count as a strike, as it is unclear whether the case was dismissed
7  for any of the reasons in § 1915(g).

### E.  *Saunders v. Lowrimore, et al.*, EDC 97-cv-5612-OWW-WMW

9  In this case, Defendants state the court denied Plaintiff's application to proceed in
10 IFP and the action was dismissed for failure to pay the filing fee. In the order submitted
11 by Defendants, dated April 20, 2004, the court dismissed the action without prejudice for
12 failure to prosecute. The order further notes that Plaintiff's application to proceed IFP
13 was denied, that plaintiff did not allege imminent danger, and that Plaintiff had not
14 complied with the court's order to submit the filing fee.

15 A review of the docket shows that the dismissal order was later vacated because
16 the order of dismissal was based on a record-keeping error: Plaintiff had in fact timely
17 paid the filing fee, the Clerk of Court found the receipt, and Plaintiff's motion for
18 reconsideration was granted. The action was ultimately dismissed after the court gave
19 Plaintiff leave to file a second amended complaint, and Plaintiff instead filed a "Notice of
20 Inability to Amend and non-Objection to Dismissal of Action in Light of Evolving
21 Exhaustion Authority." The court construed this is a request for voluntary dismissal, and
22 dismissed the case.

23 "[A] voluntary dismissal does not constitute a dismissal on the grounds that an
24 action or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be
25 granted,' pursuant to the definitions given in *Andrews v. King*, 398 F.3d at 1121."
26 *Daniels v. Woodford*, 2008 WL 2079010, *5 (C.D. Cal. May 13, 2008); *see e.g. Palmer*
27 *v. Salazar*, 2010 WL 520516, *2 (N.D. Cal. Feb. 6, 2010)(grant of request for voluntary
28 dismissal does not count as a strike). Accordingly, the Court finds this action does not

count as a strike.

**F.** *Saunders v. Fairman, et al.*, **EDC 02-cv-5806-OWW-DLB**

In this case, Defendants state the court denied Plaintiff's application to proceed in IFP and the action was dismissed for failure to pay the filing fee. In the order submitted by Defendants, dated February 4, 2005, the court notes that Plaintiff's application to proceed IFP was denied because he had at least three prior strikes. The order notes that the case was referred for an R & R, and Plaintiff submitted objections to the R & R. The order then adopts the R & R in full and orders the action dismissed "based on plaintiff's failure to obey the court's order of April 23, 2004 and plaintiff's failure to file a proof of proper service on defendants."

Plaintiff correctly states the dismissal was due to his failure to obey a court order and to file proof of service. Plaintiff further states his motion for reconsideration was later granted and the case was adjudicated on the merits. Plaintiff presents no evidence on this point.

A review of the docket reveals that this case was in fact reopened after Plaintiff's motion for reconsideration was granted. Firstly, Defendants are incorrect that the action was ever dismissed for failure to pay the filing fee. Second, after dismissing the case for Plaintiff's failure to file proof of service, the case was reopened because the court found that Plaintiff should be given a final opportunity to effect service on the defendants. After the case was reopened, Plaintiff filed an amended complaint which the court screened and allowed to proceed on several claims. Finally, the case was closed when summary judgment was granted in favor of the defendants.

A district court's grant of summary judgment against a prisoner does not constitute a strike for purposes of the PLRA. *Martinez v. U.S.*, 812 F.Supp.2d 1052, 1057 (C.D. Cal. 2010); *Barela v. Variz*, 36 F.Supp.2d 1254, 1259 (S.D. Cal. 1999); *Daniels v. Woodford*, 2008 WL 2079010, *6 (C.D. Cal. May 13, 2008). Accordingly, because the court in this case vacated its dismissal order and ultimately disposed of the case on summary judgment, the Court finds this action does not constitute a strike.

### III. Request for Judicial Notice

Federal Rule of Evidence 201(b) allows a court to take judicial notice of a fact "not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007)(Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

The Court finds it appropriate to take judicial notice of the documents submitted by Defendants (see Doc. 97).

### IV. Conclusion

The Court finds Plaintiff has at least three prior actions constituting strikes pursuant to the PLRA, and thus is ineligible to proceed IFP. The Court further finds that Plaintiff cannot invoke the imminent danger exception to the three strikes rule.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' Motion to Revoke IFP and Dismiss Action (Doc. 96) is **granted**. This action is dismissed with prejudice, and Plaintiff's IFP status is revoked.

**IT IS FURTHER ORDERED** Defendants' Request for Judicial Notice (Doc. 97) is **granted.** The Court hereby takes judicial notice of the documents submitted by Defendants.

**IT IS FURTHER ORDERED** The Court declines to issue a Certificate of Appealability because reasonable jurists would not debate the Court's ruling on this matter.

Dated this 7th day of August, 2013.

_____
Raner C. Collins
United States District Judge